**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

TOM MILES,

                    Petitioner,                  Case Number: 2:11-CV-14775

v.                                      HONORABLE MARIANNE O. BATTANI

DEBRA SCUTT,

                    Respondent.

_____/

**<u>OPINION AND ORDER TRANSFERRING CASE TO THE</u>**
**<u>UNITED STATES COURT OF APPEALS FOR THE SIXTH CIRCUIT</u>**

Petitioner Tom Miles, a Michigan State prisoner, has filed a *pro se* petition for a writ of habeas corpus. For the reasons set forth below, the Court determines that this is a successive habeas corpus petition and, therefore, orders it transferred to the United States Court of Appeals for the Sixth Circuit, pursuant to 28 U.S.C. § 1631[1] and 28 U.S.C. § 2244(b)(3)(A).

Miles challenges his convictions for first-degree murder, MICH. COMP. LAWS § 750.316, assault with intent to murder, MICH. COMP. LAWS § 750.83, and two counts of felony firearm, MICH. COMP. LAWS § 750227b, rendered in Oakland County Circuit

---

[1]    28 U.S.C. § 1631 provides, in relevant part:

> Whenever a civil action is filed in a court . . . and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed . . .

Court.  In 2007, Miles filed a habeas corpus petition in this Court challenging the same convictions challenged in the pending petition.  The petition was denied because the claims raised lacked merit.  *See* Opinion and Order, *Miles v. Scutt*, No. 07-cv-15068 (E.D. Mich. July 29, 2008) (Steeh, J.).

Before a prisoner may file a habeas petition under 28 U.S.C. § 2254 challenging a conviction already challenged in a prior habeas petition, the prisoner must "move in the appropriate court of appeals for an order authorizing the district court to consider the application."  28 U.S.C. § 2244(b)(3)(A).  Miles filed the present petition under 28 U.S.C. § 2241, rather than § 2254.  However, labeling the petition as filed under § 2241 does not render inapplicable the restrictions on successive petitions.  Section "2254 [is] the exclusive vehicle for prisoners in custody pursuant to a state court judgment who wish to challenge anything affecting that custody, because it makes clear that bringing an action under § 2241 will not permit the prisoner to evade the requirements of § 2254."  *Greene v. Tennessee Dep't of Corrections*, 265 F.3d 369, 371 (6th Cir. 2001) (internal quotation omitted).  *See also Long v. Commonwealth of Kentucky*, 80 F. App'x 410, 414 (6th Cir.2003) (holding that the restrictions on successive petitions in 28 U.S.C. § 2244(b) apply to habeas petitions filed by a state prisoner under 28 U.S.C. § 2241, the general habeas statute); *Byrd v. Bagley*, 37 F. App'x 94, 95 (6th Cir.2002) (same).  If a petitioner could circumvent the restrictions on successive § 2254 petitions simply by labeling a petition a § 2241 petition, "then § 2254 would serve no function at all.  It would be a complete dead letter, because no state prisoner would choose to run the gauntlet of § 2254

restrictions when he could avoid those limitations simply by writing '§ 2241' on his petition for federal post-conviction relief." *Medberry v. Crosby*, 351 F.3d 1049, 1060-61 (11th Cir. 2003).

The petition, therefore, is a successive one.  Miles has not obtained authorization to file a second or successive petition in this Court.  "[W]hen a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631."  *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997).

Accordingly, **IT IS ORDERED** that the petition for a writ of habeas corpus be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit.


s/Marianne O. Battani
MARIANNE O. BATTANI
UNITED STATES DISTRICT JUDGE

DATE: November 10, 2011

## CERTIFICATE OF SERVICE

I hereby certify that on the above date a copy of this Order was served upon all parties of record via ordinary U.S. Mail or electronically.

s/Bernadette M. Thebolt
Case Manager